UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFONZO RAY TURNER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>LAURA ELRIDGE, Warden,<br><br>　　　　　　Respondent. | No. 2:19-cv-01577 GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a). Nevertheless, the undersigned will recommend dismissal of the pending petition as duplicative.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes for Rule 8 of the Rules Governing Habeas Corpus Cases Under Section 2254 indicates that the Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to a motion by the respondent, or after an answer to the petition has been filed.

////

1

1    "It is well established that a district court has broad discretion to control its own docket,
2    and that includes the power to dismiss duplicative claims." M.M. v. Lafayette Sch. Dist., 681 F.3d
3    1082, 1091 (9th Cir. 2012) (citing Adams v. California Dep't of Health Servs., 487 F.3d 684, 688-
4    89 (9th Cir. 2007). "After weighing the equities of the case, the district court may exercise its
5    discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the
6    previously filed action, to enjoin the parties from proceeding with it, or to consolidate both
7    actions." Adams, 487 F.3d at 688. "Plaintiffs generally have no right to maintain two separate
8    actions involving the same subject matter at the same time in the same court and against the same
9    defendant." Id. (citation omitted).
10   In the instant case, petitioner challenges his 2015 conviction in the Sacramento County
11   Superior Court for battery with great bodily injury. ECF No. 1. Review of the court's records
12   indicate that petitioner has a habeas petition challenging the same conviction that is currently
13   stayed in case Turner v. Asuncion, 2:18-cv-01071-WBS-AC P.[1] In "assessing whether the
14   second action is duplicative of the first, we examine whether the causes of action and relief
15   sought, as well as the parties or privies to the action, are the same." Adams, 487 F.3d at 689.
16   Here, not only are the claims and relief sought identical, the pending petition appears to be an
17   exact copy of petitioner's previous petition. Compare ECF No. 1, with Turner v. Asuncion, 2:18-
18   cv-01071-WBS-AC P, at ECF No. 1. Accordingly, the undersigned finds this petition for writ of
19   habeas corpus should be dismissed as duplicative. To the extent that petitioner is seeking to
20   pursue his remedies with respect to his 2015 conviction in the Sacramento County Superior
21   Court, petitioner must do so in his initial habeas proceeding.
22   Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must
23   issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A
24   certificate of appealability may issue only "if the applicant has made a substantial showing of the
25   denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these
26   ////

---

[1] The court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

| | |
|---|---|
| 1 | findings and recommendations, a substantial showing of the denial of a constitutional right has |
| 2 | not been made in this case. |
| 3 | In accordance with the above, IT IS HEREBY ORDERED that: |
| 4 | 1. The Clerk of the Court shall assign this case to a District Judge; and |
| 5 | 2. The Clerk of the Court is directed to serve a copy of the petition filed in this case |
| 6 | together with a copy of these findings and recommendations on the Attorney General of the State |
| 7 | of California. |
| 8 | Further, IT IS HEREBY RECOMMENDED that: |
| 9 | 1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice as |
| 10 | duplicative; and |
| 11 | 2. The District Court decline to issue a certificate of appealability. |
| 12 | These findings and recommendations are submitted to the United States District Judge |
| 13 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days |
| 14 | after being served with these findings and recommendations, any party may file written |
| 15 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 16 | "Objections to Magistrate Judge's Findings and Recommendations." Any response to the |
| 17 | objections should be filed and served within fourteen days after service of the objections. The |
| 18 | parties are advised that failure to file objections within the specified time may waive the right to |
| 19 | appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |
| 20 | Dated: September 10, 2019 |

                                           /s/ Gregory G. Hollows
                              UNITED STATES MAGISTRATE JUDGE